## WILSON *v.* MARTIN.

As a general rule, every bailee for hire, who by his labor and skill has imparted an additional value to the goods of another, has a lien, at his election, upon the property, for his reasonable charges in relation to it, so long as he retains the same in his custody.

The *gist* of trespass being an injury to the plaintiff's possession, while property remains in the possession of a bailee, who is entitled to, has asserted, and still maintains his lien thereon, the general owner cannot maintain trespass therefor.

TRESPASS, for taking and carrying away two harnesses. Plea, the general issue. It appeared that the plaintiff, George L. Wilson, was the owner of the harnesses, and that, for the purpose of getting them cleaned and oiled, he carried them to the shop of one Page, who was a saddler and harness-maker by trade, and employed himself, in connection with his business as a saddler and harness-maker, and as a part of the same, in repairing, cleaning, and oiling harnesses. Page performed labor in cleaning and oiling these harnesses, and for that service was entitled to receive of the plaintiff the sum of two dollars. While the harnesses were thus in the possession of Page, and after he had performed the service aforesaid upon them, they were attached by the defendant, Asa Martin, as deputy-sheriff, upon a writ against one Morrison, as the property of Morrison; whereupon Page asserted his lien upon them for his labor done on the harnesses, as aforesaid, and refused to allow them to be taken from his possession by the defendant or any body else until he was paid for such labor. The harnesses were moved from one room in Page's shop to another, and it was arranged between Page and the defendant that the harnesses should remain in Page's possession until his claim for labor was paid; the defendant agreeing that if it became necessary, or if he should desire to take them away, that

he would first pay to Page the amount of Page's claim. While the harnesses remained in this situation, and within some two days after their attachment by the defendant as aforesaid, this suit was brought against the defendant for said harnesses, but not until after the plaintiff had demanded them of the defendant and he had refused to give them up. Page's claim for services has never been paid, and the harnesses remain, and have ever remained in his possession ; and his lien on the harnesses for such services has in no way been released or discharged.

The court ruled upon the foregoing facts the plaintiff could not maintain trespass, and a verdict was thereupon taken for the defendant, and judgment is to be rendered thereon, or the same set aside and a new trial granted, as shall be ordered at the law term.

*C. R. Morrison,* and *Chapman,* for the plaintiff, referred to *Raitt* v. *Mitchell,* 4 Camp. 146 ; Mont. on Lien 44, 141 ; 2 Saund. Pl. & Ev. 640 ; *Holly* v. *Haggerford,* 8 Pick. 73 ; *Daughbigny* v. *Duval,* 5 D. & E. 608 ; *Brownell* v. *Manchester,* 1 Pick. 233 ; *Stevens* v. *Briggs,* 5 Pick. 177 ; *Walcot* v. *Pomroy,* 2 Pick. 122 ; Stor. on Ag. 484 ; *Jones* v. *Sinclair,* 2 N. H. 319 ; 8 Johns. 432 ; 7 D. & E. 12 ; 11 Johns. 285 ; 8 Barb. 213.

*Woods & Binghams* (with whom were *Felton* and *J. S. Bryant*), for the defendant.

Trespass could not be maintained under the circumstances found in the case, because the plaintiff had neither possession or the right of possession. Page had expended labor and material in cleaning and oiling the harnesses, asserted his lien, and refused to let them go from his possession until he was paid. This he had the legal right to do. His lien existed at common law. 2 Kent. Com. (1st ed.) 496 ; Ch. on Con. 545 ; *Townsend* v. *Newell,* 14 Pick. 332 ; *More* v. *Hitchcock,* 4 Wend. 292 ; *Scarfe* v. *Morgan,*

---
---

4 M. & W. 270; *Bevan* v. *Waters*, 14 E. C. L. 424, 3 C. & P. 520; *Grinnell* v. *Cook*, 3 Hill 485; *Pinney* v. *Wells*, 10 Conn. 105, 115; *Burdict* v. *Murray*, 3 Vt. 302; *Mount* v. *Williams*, 11 Wend. 77; *Stoddard* v. *Huntley*, 8 N. H. 441; *Shapley* v. *Bellows*, 4 N. H. 353; *Partridge* v. *Dartmouth College*, 5 N. H. 286; *Bradley* v. *Spafford*, 23 N. H. 444; *Cowing* v. *Snow*, 11 Mass. 415; 9 N. H. 67. In *Cowing* v. *Snow*, trespass by the party holding the lien was sustained against the general owner. The plaintiff had not at the time of the alleged trespass either the actual or constructive possession of the property. The possession was rightfully in another, who had a special property therein, and before he could take possession he must buy and pay for that special property, or in some way discharge it. *Van Brunt* v. *Schenck*, 11 Johns. 377; *Putnam* v. *Wigley*, 8 Johns. 337; *Ward* v. *Macaulay*, 4 D. & E. 489; *Gordon* v. *Harper*, 7 D. & E. 9; *Clark* v. *Carleton*, 1 N. H. 110; *Poole* v. *Symonds*, 1 N. H. 289; *Heath* v. *West*, 28 N. H. 101; *Fairbanks* v. *Phelps*, 22 Pick. 535; *De Wolf* v. *Dearborn*, 4 Pick. 466; *Dennie* v. *Harris*, 9 Pick. 364; *Bourne* v. *Merritt*, 22 Vt. 429; *Soper* v. *Sumner*, 5 Vt. 274.

FOWLER, J. The right of lien at common law was originally confined to cases where persons, from the nature of their occupation, were under obligation, according to their means, to receive and be at trouble and expense about the personal property of others; and was limited to certain trades and occupations necessary for the accommodation of the public, such as common carriers, innkeepers, farriers, and the like. But in modern times the right has been extended so far that it may now be laid down as a general rule, to which there are few exceptions, that every bailee for hire, who by his labor and skill has imparted an additional value to the goods of another, has a lien upon the property for his reasonable charges in relation to it, and a right to retain it in his possession until those charges

are paid. This includes all such mechanics, tradesmen and laborers, as receive property for the purpose of repairing, cleansing, or otherwise improving its condition. *Cowper* v. *Andrews*, Hobart 41; *The Case of an Hostler*, Yelverton 67; and see the learned and valuable note of Mr. Justice *Metcalf* to this case, in his edition of Yelverton, 67, (*a*,) and the authorities therein collected and commented upon; *Green* v. *Farmer*, 4 Burr. 2214; *Close* v. *Waterhouse*, 6 East 523, n. 2; 2 Kent's Com. (5th ed.) 635; *Grinnell* v. *Cook*, 3 Hill 491, and authorities cited by defendant's counsel *passim*; *Oaks* v. *Moore*, 24 Me. (11 Shep.) 214.

In the case at bar, Page had a lien upon the harnesses in controversy, for the labor and expense he had bestowed in cleansing and oiling them, at his election, and had a right to retain the possession and control of them until his charge in that behalf should be paid. He claimed his lien and asserted his right, and still so claims and asserts his interest in the goods. He has never parted with the possession of the harnesses, and still rightfully holds them against the plaintiff and all the world. By his assertion of his lien, his right to retain the possession of the harnesses, for the payment of his charges, became vested, and must so continue as long as he shall retain that possession. He manifestly did not waive or intend to waive his lien, in consenting to hold the harnesses for the defendant. He only received and agreed to hold them subject to his own lien; and the defendant consented that Page should so receive and hold them, and that he would not as an officer interfere with them until that lien should be discharged; so that the lien was not affected or impaired by the arrangement. *Townsend* v. *Newhall*, 14 Pick. 332.

The *gist* of trespass to personal property is the injury done to the plaintiff's possession. The substance of the declaration is, that the defendant has forcibly and wrongfully injured property in the possession of the plain-

Wilson *v.* Martin.

tiff. To maintain the action, it is absolutely essential that the plaintiff should have had, at the time of the alleged injury, either actual or constructive possession of the property injured. His possession is constructive when the property is either in the actual custody and occupation of no one, but rightfully belongs to himself; or when it is in the care and custody of his servant, agent, or overseer, or in the hands of a bailee for custody, carriage, or other care or service, as a depositary, mandatary, carrier, borrower, or the like, where the bailee or actual possessor has no vested interest or right to the beneficial use or enjoyment of the property, or to retain it in his possession, but the owner may take it into his own hands at pleasure. But, where the general owner has parted with the actual possession, in favor of one who enjoys the exclusive right of present possession and enjoyment, retaining to himself only a reversionary interest, the possession is that of the lessee or bailee, who alone can maintain an action of trespass for a forcible injury to the property. 1 Ch. Pl. (7th ed.) 188, 195; 2 Gr. Ev., secs. 613, 614, 616, and authorities cited; *Clark* v. *Carlton*, 1 N. H. 110; *Poole* v. *Symonds*, 1 N. H. 289; *Heath* v. *West*, 28 N. H. 101; *Moulton* v. *Robinson*, 27 N. H. 550; *Marshall* v. *Davis*, 1 Wend. 109; *Nash* v. *Mosher*, 19 Wend. 431; *Newhall* v. *Dunlap*, 2 Shepl. 180; *Gay* v. *Smith*, 38 N. H. 171.

In this case, the plaintiff had parted with his possession of the harnesses, by delivering them to Page, to be cleaned and oiled. Page had cleaned and oiled them, and he thereby acquired, and had asserted the right, to retain them in his possession, even as against the plaintiff, until his charges for the labor and expense bestowed upon them should be satisfied. The plaintiff, then, had neither possession or the right of possession in the harnesses, at the time of the alleged injury to them, and could not maintain trespass. *Cowing* v. *Snow*, 11 Mass. 415, and authorities cited above.

It has been urged in argument that, although not liable for the original attachment, the defendant became liable by the subsequent demand of the plaintiff for the harnesses, and his refusal to deliver them up. But, if we are correct in the view, that the lien of Page having been asserted, gave him a vested right to retain the possession of the harnesses until that lien was satisfied or the possession parted with, and the lien had not been satisfied or the possession parted with by Page, as the case distinctly finds, then the plaintiff, at the time of the demand, had no right to the possession of the harnesses, and of course could not be injured by the refusal of the defendant to yield to him what he was not entitled to have.

The plaintiff having, at the time of the alleged injury to the harnesses by the defendant, neither the actual or constructive possession of them, but the same being then and still in the hands of his bailee, who had, and still has a vested right to retain them until the satisfaction of his lien thereon, there must be judgment on the verdict properly taken in the court below for the defendant.

*Judgment upon the verdict.*